## Ex parte HARRIS.

(District Court, E. D. New York. November 13, 1920.)

**Army and navy** ⬳22—**Bad-conduct discharge of enlisted man in navy terminates service.**

A bad-conduct discharge, given to an enlisted man in the navy as punishment by a summary court-martial, terminates the service of the discharged man, and authority over him is not re-established by a disapproval of his sentence by the Secretary of the Navy, under Act Feb. 16, 1909, § 9 (Comp. St. § 3025).

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas Corpus. In the matter of the application of William Robert Harris for writ of habeas corpus. Writ granted.

Emery C. Weller, of New York City, for petitioner.

Charles J. Buchner, Asst. U. S. Atty., of Brooklyn, N. Y., for the United States.

GARVIN, District Judge. The relator was dismissed from the United States Navy March 25, 1920, pursuant to sentence of a summary court-martial, with what is known as a bad-conduct discharge. Thereafter he was directed to report to the recruiting officer at Scranton, Pa., upon the ground that the sentence of the summary court-martial was illegal and had been set aside. Accordingly he reported to said officer, surrendering his bad-conduct discharge, and under orders reported to the commanding officer of the United States ship Iowa, upon which ship he remained until July 26, 1920. At that time he returned to his home on leave, where he remained, refusing to return, claiming that the Navy Department had no jurisdiction over his person. The department declared him a deserter, whereupon he surrendered and is now in the custody of the naval authorities, who purpose to try him as such.

Although he reported for duty when directed, he did so under protest and did not re-enlist in the navy. It appears that by the Act of February 16, 1909, 35 Stat. 621 (Comp. St. § 3025):

"The Secretary of the Navy may set aside the proceedings or remit or mitigate, in whole or in part, the sentence imposed by any naval court-martial convened by his order or by that of any officer of the Navy or Marine Corps."

Acting under the authority attempted to be granted by this statute, the Secretary of the Navy, on April 22, 1920, disapproved the proceedings, finding, and sentence of the summary court-martial. There can be no control, however over the relator, except by reason of his being in the naval service of the United States. This service was terminated by his discharge, pursuant to which all parties had acted. The solemn act of the duly constituted representatives of the government in granting such discharge and terminating all relations between the relator and the government cannot be set aside by the act of Congress referred to.

There appears to be no provision for the Secretary of the Navy taking action upon the proceedings within any definite time. If the contention of the government is to be sustained, no man who has received such a discharge as is here involved would ever be able to ascertain whether he had been finally released from service, if there was no action by the Secretary of the Navy. Inasmuch as the relator returned to the service against his will, no de facto relationship is established.

The writ is sustained, and the relator discharged.